# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 22, 2021

Lyle W. Cayce
Clerk

No. 20-50965
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Terry Earl Stewart,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:02-CR-25-1

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Terry Earl Stewart, federal prisoner # 46272-080, was convicted of conspiring to possess with the intent to distribute more than 50 grams of cocaine base and two counts of aiding and abetting possession with the intent to distribute cocaine base. *See* 18 U.S.C. § 2; 21 U.S.C. §§ 841(b)(1)(A),

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

(b)(1)(C); 21 U.S.C. § 846. The district court sentenced him to life imprisonment and ten years of supervised release for the conspiracy offense and 30 years of imprisonment and six years of supervised release for each of the possession with the intent to distribute offenses, with all terms to run concurrently. Stewart's total sentence of imprisonment later was commuted to 327 months through an executive grant of clemency.

Stewart now appeals the district court's denial of his motion under Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5221 to reduce his total sentence of imprisonment to 262 months and the supervised release term for his conspiracy offense from ten years to eight years. We review the district court's decision to deny a First Step Act reduction for abuse of discretion. *United States v. Batiste*, 980 F.3d 466, 469 (5th Cir. 2020).

Stewart contends that the district court failed to adequately explain the reasons for its decision. However, the arguments for and against a sentence reduction were briefed by the parties and before the district court. After a limited remand, the district court issued an amended order in which it found Stewart eligible for a sentence reduction under Section 404 but determined in its discretion that no reduction in Stewart's sentence or term of supervised release was warranted. It explained that the decision was based on its consideration of the 18 U.S.C. § 3553(a) factors, the facts of the case, the severity of the offense, and the fact that Stewart's sentence already had been commuted to a term that fell within the statutory penalty range and the sentencing guideline range applicable under the Fair Sentencing Act. Nothing more was required. *See United States v. Whitehead*, 986 F.3d 547, 551 (5th Cir. 2021).

Stewart has waived any challenge he might have raised regarding the district court's reasoning for its decision by failing to provide adequate

No. 20-50965

briefing of the issue. *See* FED. R. APP. P. 28(a)(8)(A). In any event, Stewart's disagreement with the district court's reasoning is not sufficient to demonstrate an abuse of discretion. *See Batiste*, 980 F.3d at 479.

The district court's denial of Stewart's motion is AFFIRMED.